**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000494**
**14-OCT-2022**
**07:54 AM**
**Dkt. 94 SO**

NO. CAAP-19-0000494

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
COURTNEY SHAWN WILKINS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-18-0000474(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Courtney Shawn Wilkins (**Wilkins**) appeals from the June 26, 2019 Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry (**Judgment**), entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Wilkins asserts a single point of error on appeal, contending that the Circuit Court erred in denying her September 24, 2018 Defendant's Motion to Suppress Statements and Evidence

---

[1] The Honorable Rhonda I.L. Loo presided.

Gathered in Violation of Defendant's Rights Under Article I, Section 7 of the Hawaiʻi Constitution (**Motion to Suppress**).

After the Motion to Suppress was denied, Wilkins entered a conditional plea of no contest to Entry of Animals Without Inspection Prohibited, in violation of Hawaii Revised Statutes (**HRS**) § 142-4 (2018),[2] and Arrival Ports, in violation of Hawaii Administrative Rules (**HAR**) Rule 4-29-5 (2018).[3]

---

[2] HRS § 142-4 provides:

> **§ 142-4  Entry of animals without inspection prohibited.**  No animal shall be allowed to enter the State except after inspection by the department of agriculture and the issuance of a permit by the department to the consignee or owner; provided that no fees for inspection shall be charged, nor delays caused, concerning the landing of any domestic animal for which a certificate of health has been issued as prescribed by the Federal Cattle Contagious Disease Act.  Every carrier, owner, or handler bringing animals into the State shall be required to present these animals to the department of agriculture for inspection.

[3] HAR § 4-29-5 provides:

> § 4-29-5  Arrival ports.  (a) Dogs, cats, and other carnivores which are subject to quarantine pursuant to section 4-29-9 or inspection pursuant to section 4-29-22 shall be landed at a port or airport on the island of Oahu or a port or airport approved by the department that has facilities and an agent designated by the department to process dogs and cats for entry.
> (b)  Dogs, cats, and other carnivores to be quarantined at the quarantine station or to be inspected pursuant to section 4-29-22 who arrive at neighbor island ports or airports not approved by the department shall be shipped to the island of Oahu at the owner's expense on the first available aircraft.
> (c)  To land a dog, cat, or other carnivore at a neighbor island port or airport approved by the department, the animal owner, shipper, or handler shall:
> > (1)  Meet the requirements of sections 4-29-8, 4-29-8.1, and 4-29-8.2 for direct airport release for each animal except that all required documents shall be submitted to the department no less than thirty days before the arrival date;
> > (2)  Submit a request for a Neighbor Island Inspection Permit to the department no less than thirty days before the arrival date;

(continued...)

Wilkins's plea was conditioned on her ability to appeal the denial of the Motion to Suppress.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve Wilkins's point of error as follows:

Wilkins does not contend that she was subjected to a custodial interrogation, which would require Miranda warnings.[4] Rather, citing State v. Won, 137 Hawaiʻi 330, 372 P.3d 1065 (2015), Wilkins argues that the Circuit Court erred in concluding that Wilkins's statements and physical evidence were obtained through voluntary and consensual interactions. Wilkins bases this argument on the assertions that (1) the Circuit Court did not consider Wilkins's perception of the interactions, in light of her post-traumatic stress disorder (**PTSD**), and (2) no one told

---

[3](...continued)
           (3)   Contract with an agent approved by the
                 department to inspect and release each animal
                 upon arrival; and
           (4)   Possess a valid Neighbor Island Inspection
                 Permit issued by the department for each animal.
       (d)  Dogs, cats, and other carnivores arriving or
   landing at neighbor island ports or airports without a valid
   Neighbor Island Inspection Permit issued by the department
   shall be transported out of the State or quarantined and
   transported to the Honolulu International Airport at the
   carrier's expense on the first available aircraft.
           (e)  Dogs, cats, and other carnivores aboard
           transiting private and commercial vessels are subject
           to section 4-29-7.

[4]    See Miranda v. Arizona, 384 U.S. 436 (1966).

Wilkins that she had a right to refuse to speak with them and provide them statements or documents.

Wilkins does not challenge any of the 90 findings of fact (**FOFs**)[5] or specifically point to any of the 30 conclusions of law (**COLs**) set forth in the Circuit Court's December 24, 2018 [FOFs]; [COLs]; Order Denying Defendant's Motion to Suppress Evidence and Statements (**FOFs, COLs and Order**).

As to Wilkins's first assertion, the FOFs clearly demonstrate that the Circuit Court considered Wilkins's perception of her interactions with various persons at the Maui airport, where she entered the State of Hawaiʻi (**State**) with her service animal, Riley. Riley did not have a valid rabies blood test upon entry to the State. The FOFs also recognize Wilkins's testimony regarding her perceptions and feelings when she was contacted by and interacted with Dr. Richard Willer, a veterinarian employed by the Department of Agriculture (**Dr. Willer**). The FOFs specifically note, *inter alia*, that Wilkins told Dr. Willer that she had PTSD. Thus, although the Circuit Court did not find Wilkins's testimony to be credible, the record does not support Wilkins's assertion that the Circuit Court failed to consider Wilkins's perceptions as part of the totality of the circumstances.

---

[5] FOFs not challenged on appeal are binding. Kahoʻohanohano v. Haw. Dep't of Hum. Servs., 117 Hawaiʻi 262, 267, 178 P.3d 538, 543 (2008).

Wilkins also asserts that none of the airline employees, airport employees, nor the Department of Agriculture employees that Wilkins interacted with, told Wilkins she could refuse to talk to them.  Thus, Wilkins points to <u>Won</u> and argues (obliquely) that the Circuit Court erred in not specifically addressing this lack of advisement.  However, <u>Won</u> makes clear that courts must consider the totality of the circumstances and that "the constitution does not require that individuals be expressly informed of their right to refuse a search, [but] whether they were so informed remains a relevant factor in a determination of whether consent was, in fact, free and voluntary under the totality of the circumstances."  <u>Won</u>, 137 Hawaiʻi at 342, 372 P.3d at 1077.

Wilkins does not challenge the factual bases or legal conclusion that Wilkins did not have an actual subjective nor objective expectation of privacy when she voluntarily boarded a plane and entered a public airport, both of which adhere to strict and heightened security measures.  Wilkins makes no cogent argument that a warrant was required prior to asking her for the proper Department of Agriculture paperwork/permit when she entered the State with a dog.  Wilkins does not challenge the Circuit Court's findings and conclusions that Wilkins was never detained, handcuffed, seized, deprived of her freedom of action in any significant way, by anyone, and/or threatened, coerced, promised, or even questioned by Dr. Willer.

Notwithstanding that Wilkins was not specifically told that she could refuse to talk to, <u>e.g.</u>, Dr. Willer, under the totality of the circumstances, as reflected in the FOFs and COLs, as well as all of the evidence presented at the hearing on the Motion to Suppress, we conclude that the Circuit Court did not err in concluding that Wilkins's statements were voluntary. Therefore, we further conclude that the Circuit Court did not err in denying the Motion to Suppress.

For these reasons, the Circuit Court's June 26, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, October 14, 2022.

On the briefs:

Kevin O'Grady,
(Law Office of Kevin O'Grady,
 LLC),
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge